# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket no. 2:18-cr-00125-GZS |
| ) | |
| AHMED MOHAMED, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON GOVERNMENT'S FIRST MOTION IN LIMINE

Before the Court is the Government's First Motion in Limine (ECF No. 22). As briefly explained herein, the Motion is DENIED WITHOUT PREJUDICE.

In this case, Defendant Ahmed Mohamed is set to go to trial on a single-count indictment charging him with possession with intent to distribute cocaine base on or about August 15, 2018. Via the pending Motion in Limine, the Government seeks permission to introduce Mohamed's prior federal drug conviction. See United States v. Mohamed, D. Me. Docket # 2:16-cr-00160-GZS (the "2016 case"). The 2016 case involved one conspiracy count and two separate distribution counts. Defendant pled guilty to all three counts, which involved the distribution of cocaine and cocaine based in 2015. The Government argues that this prior conviction is admissible at the upcoming trial under F.R.E. 404(b) & 403.

Both the Government and Defendant acknowledge that the First Circuit has recently reaffirmed that "Rule 404(b)(2) specifically permits the admission of a prior conviction to prove intent." United States v. Henry, 848 F.3d 1, 8 (1st Cir.), cert. denied, 137 S. Ct. 2223 (2017). In Henry, the First Circuit also recognized that it has "repeatedly upheld the admission of prior drug

dealing by a defendant to prove a present intent to distribute." Id. at 8 (collecting cases). However, the First Circuit also instructed "district court judges to carefully consider the proponent's assertion of why a prior conviction has special relevance and examine whether, in the particular case-specific circumstances, the proponent is simply attempting to disguise propensity evidence by artificially affixing it with the label of a permitted Rule 404(b)(2) purpose." Id. at 9. In this case, the Government asserts the prior conviction is specially probative of intent since the Government anticipates that Mohamed "may assert the seized drugs were for [his] personal use." (Gov't Motion (ECF No. 22), PageID # 60.) Defendant does not necessarily dispute this proffer but does argue that the prior conviction could still be excluded as "cumulative" and unduly prejudicial depending on the other evidence introduced at trial. (Def. Response (ECF No. 23), PageID #s 64-65.) The Court concludes that the required case-specific consideration of the admissibility of Defendant's prior conviction cannot be completed on the available pre-trial record. As a result, the Court DENIES the Government's Motion in Limine without prejudice to the Government renewing its Motion at trial outside the hearing of the jury. Given this ruling, the Court instructs the Government that it shall make no reference to the prior conviction in its opening statement.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 8th day of January, 2019.